The defendants furnished the association with their drafts, payable in Paris at sixty days, the amount of which, the latter promised to return in fifty-five days from date, in similar drafts, (to be approved by the defendants,) adding interest at 7 per cent. This, in substance, was the agreement of the 16th of April, 1841.
The previous contracts between the parties, in addition to the terms above stated, contained a provision for a commission of 1½ and 2 per cent, to be paid to the defendants. The several agreements, in form, were sales, or exchanges of the bills of the defendants, for other bills of a similar character, to be delivered by the association, within a stipulated period. There was no application or treaty for a loan of money.
The defendants were regular dealers in exchange, and their answer in response to the bill alledges, that the application to them by the Banking Co. was for the purchase of bills of exchange, and that the defendants in pursuance thereof, agreed to sell and did sell such bills accordingly. The answer in this *Page 374 
respect, so far from being disproved, is sustained by the written agreement of the parties. The question then, arising upon the contracts prior to that of the 16th of April, in the form most favorable to the complainants, is simply, whether upon a sale of credit, made in good faith, the vendor can reserve or secure to himself more than 7 per cent without rendering the agreement usurious. This question was substantially decided in the affirmative, in the case of the Dry Dock Bank, (3 Comst. 344,) and by previous adjudications in this state, to which reference is there made. It is not denied that a sale of exchange, in form, may be adopted as a cloak for an usurious loan. But the party impeaching an agreement upon this ground, must, by evidence, remove the covering from the transaction, and exhibit it as a loan of money. He makes no progress in this work when he stops with proving that he proposed to purchase bills, and subsequently put his proposition into the form of a written agreement. This is the whole effect, as I think, of the complainant's evidence, viewed in connection with the answer of the defendants. It is unnecessary, therefore, to consider the other questions presented by the defence, as the decree of the supreme court must be affirmed for the reasons suggested.
And, thereupon, for the reasons stated in the opinion of GARDINER, J. and without passing upon other questions, the decree of the supreme court was affirmed.